United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOEL GUTIERREZ, et. al., | CASE NO. 5:11-cv-03111 EJD |
| Plaintiff(s), | **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS; REMANDING CASE** |
| v. | |
| STATE FARM MUTUAL INSURANCE COMPANY, et. al., | [Docket Item No(s). 39] |
| Defendant(s). | |

In this insurance action, Defendant Ally Financial Company ("Ally Financial") presently moves the court for an order dismissing the First Amended Complaint ("FAC") filed by Plaintiffs Joel Gutierrez and Veronica Gutierrez[1] after their original complaint was dismissed with leave to amend. See Docket Item No. 39. Plaintiffs have filed written opposition to the motion. See Docket Item No. 43.

As it currently stands, jurisdiction in this court arises pursuant to 28 U.S.C. § 1331. See Not. of Removal, Docket Item No. 1, at ¶ 3. Having carefully reviewed this matter, the court finds that Ally Financial's motion should be granted in part, resulting in the remand of this action to the state court from which it originated.

---

[1] The court refers to Joel Gutierrez and Veronica Gutierrez collectively as "Plaintiffs." Because the parties share a common surname, Joel Gutierrez is referred to separately as "Joel." The court means no disrespect.

1
CASE NO. 5:11-cv-03111 EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS; REMANDING CASE

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court recounts the relevant factual information to establish context. Plaintiffs are husband and wife. See FAC, Docket Item No. 38, at ¶ 2. At some point prior to July, 31, 2010, Plaintiffs purchased a limited edition 2007 Pontiac Solstice (the "vehicle"), for which Ally Bank was the lienholder. Id. Ally Financial is the collection subsidiary for Ally Bank. Id. at ¶ 3.

As to the vehicle, Plaintiffs contracted with Defendant State Farm Insurance Company ("State Farm") for a first-party automobile insurance policy, and also purchased a Guaranteed Auto Protection policy (the "GAP contract"). Id. at ¶ 2. According to Plaintiffs, the GAP contract would protect Plaintiffs from any deficiencies or inadequacies in the State Farm coverage and pay Ally Bank any money needed to repay the loan. Id. at ¶ 3.

The vehicle was stolen at some point between July 31, 2010, and August 5, 2010. Id. at ¶ 4. At that time, the fair market value of the vehicle was approximately $30,000.00, and Plaintiffs owed a balance of approximately $18,000.00 to Ally Bank on the original Retail Installment Sales Contract (the "RISC"). Id. Plaintiffs immediately reported the theft to State Farm, but State Farm refused to pay on the theft claim. Id. Plaintiffs also reported the theft to the police and to Ally Financial. Id. at ¶ 6. Plaintiffs allege that two female representatives from Ally Financial informed them they should cease making monthly payments on the RISC because Ally Bank would be paid in full from State Farm or through the GAP contract coverage. Id. Plaintiffs relied on these representations and stopped paying.

The vehicle was recovered in or about November, 2010. Id. at ¶ 10. Although it had been destroyed, State Farm refused to pay for damages to the vehicle despite the prompt filing of a notarized claim by Plaintiffs and also refused to advise Ally Bank that it should seek payment from State Farm. Id., at ¶ 9. Instead, State Farm commenced a fraud investigation. Id. The vehicle was ultimately repossessed. Id., at ¶ 11.

Plaintiffs commenced the instant action in Santa Clara County Superior Court on May 2, 2011. State Farm removed the action to this court on June 23, 2011. Ally Financial moved to dismiss the original complaint, and the court granted the motion with leave to amend. Plaintiffs then filed the FAC and this motion followed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

## III. DISCUSSION

The FAC contains four causes of action against Ally Financial, only one of which arises under federal law. Since the Notice of Removal cites the presence of a federal question as the basis for jurisdiction in this court, the court primarily addresses the cause of action under Fair Debt Collection Practices Act ("FDCPA").

The FDCPA cause of action was previously dismissed for two reasons. First, the original complaint did not include sufficient factual information to qualify the financial obligation as a "consumer debt" under 15 U.S.C. § 1692a(5). Second, the original complaint did not establish that

Ally Financial was a "debt collector" as defined in 15 U.S.C. § 1692a(6) since Ally Financial was alleged to be both the lienholder and the entity seeking to collect on the debt.

Upon review of the FAC, Plaintiffs have resolved the deficiency with regard to the character of the debt. A debt subject to the FDCPA is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that is] primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Plaintiffs now allege that the debt created by the RISC contract was used by Joel to purchase vehicle which he used for personal purposes. See FAC, at ¶ 27.

But Plaintiffs still have not established that Ally Financial qualifies as a "debt collector." A "debt collector" under the FDCPA is either (1) "a person" the "principal purpose" of whose business is the collection of debts; or (2) "a person" who "regularly" collects debts on behalf of others. 15 U.S.C. § 1692a(6).

In order to satisfy this definition, Plaintiffs allege the following: (1) the lienholder is Ally Bank, not Ally Financial, (see FAC, at ¶ 2), (2) Ally Financial is Ally Bank's "collection subsidiary" (see FAC, at ¶ 3), (3) Ally Financial used a fictitious name to collect from Plaintiffs (see FAC, at ¶¶ 5, 26), and (4) one of the principal businesses of Ally Financial is to collect on delinquent loans to Ally Bank (see FAC, at ¶ 26).

Although these allegations are an improvement from those asserted previously, the FAC still invokes one of the statutory exceptions to the definition of "debt collector." Indeed, excluded are "entities collecting or attempting to collect any debt owed or due or asserted to be owed or due another . . . to the extent such activity concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Here, Plaintiffs allege that the vehicle was stolen at some time in late July or early August, 2010, and that Joel contacted Ally Financial on or about August 5, 2010, at which time he was advised to cease making monthly payments on the loan. See FAC, at ¶¶ 4,6. One fact that must be reasonably inferred from these allegations is that Joel was current on his payments until at least August, 2010. Another reasonably inferred fact is that Ally Financial was either servicing Joel's loan or had acquired the loan before the default since Joel knew to call Ally Financial when the vehicle was stolen. These inferred facts as well as those actually alleged establish that Ally Financial falls within the exception described in § 1692a(6)(F) because it

1  was already a party involved in the loan prior to default. See Suellen v. Mercantile Adjustment
2  Bureau, LLC, Case No. 12-cv-00916 NC, 2012 U.S. Dist. LEXIS 98640, at *7, 2012 WL 2849651,
3  (N.D. Cal. June 12, 2012) ("The primary inquiry in determining whether the FDCPA applies is
4  whether an entity is *servicing* the debt or *collecting* the debt."). It therefore cannot be a "debt
5  collector" under the FDCPA as a matter of law.[2]

6  Because this is Plaintiffs' second failed attempt to plead a FDCPA cause of action against
7  Ally Financial, and considering Ally Financial can never qualify as a "debt collector" under
8  Plaintiffs' alleged facts, the FDCPA cause of action will be dismissed with prejudice.

9  This result raises the issue of whether this case should remain in federal court. The
10 jurisdiction of federal courts is limited, and is only properly exercised over those cases raising
11 federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah
12 Servs., Inc., 545 U.S. 546, 552 (2005).

13 "[O]nce a court has original jurisdiction over some claims in the action, it may exercise
14 supplemental jurisdiction over additional claims that are part of the same case or controversy." Id.
15 However, a district court may properly decline to exercise supplemental jurisdiction over state-law
16 claims if such claims "substantially predominate[] over the claim or claims over which the district
17 court has original jurisdiction" or the court "has dismissed all claims over which it has original
18 jurisdiction." 28 U.S.C. § 1367(c).

19 Having now determined that Plaintiffs' sole federal claim should be dismissed with
20 prejudice, all that remains are causes of action based in state law. As such, the court finds that state-
21 law issues substantially predominate and declines to exercise supplemental jurisdiction over those
22 remaining claims. This case will therefore be remanded to state court.[3]

---

[2] The analysis of course assumes that Ally Financial could not also be excluded as a "debt collector" because it is an entity associated with the alleged lienholder, Ally Bank. See 15 U.S.C. § 1692a(6)(B).

[3] The court notes that the FAC still names Dunn's Tow as a defendant despite it having been previously dismissed as a party to this case. See Docket Item No. 13. The court must assume its inclusion in the FAC was an error since Dunn's Tow has not been re-served with process and has not participated in this action since the dismissal.

**IV.   ORDER**

Based on the foregoing, Ally Financial's Motion to Dismiss (Docket Item No. 39) is GRANTED IN PART.  The cause of action under the FDCPA is DISMISSED WITH PREJUDICE.

Since this court is left without subject matter jurisdiction, this case is REMANDED to Santa Clara County Superior Court.  All other pending matters are terminated and the clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  October 15, 2012



EDWARD J. DAVILA
United States District Judge